IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LEANORA A. ROYSTER, | : | |
| Plaintiff, | : | Case No.  3:08CV009 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| PACIFIC CREDITORS ASSOCIATION, *et al*., | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATIONS[1]**

This matter is before the Court upon Plaintiff's Motion for Default Judgment as to Defendant Pacific Creditors Association. (Doc. # 26). The Federal Rules of Civil Procedure required Defendant Pacific Creditors Association (Defendant Pacific Creditors) to file an answer within twenty days of being served with a summons and Plaintiff's Complaint.[2]  *See* Fed. R. Civ. P. 12(a)(1)(A); *see also O.J. Distributing, Inc. v. Hornell Brewing Co., Inc*., 340 F.3d 345, 352-53 (6th Cir. 2003).  Defendant Pacific Creditors has not done so in this case.

As a result, on March 14, 2008, the Court Ordered Defendant Pacific Creditors

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2]  Service of summons was executed on Defendant Pacific Creditors Association in January 2008.  (Doc. #4).

Show Cause – not later than March 31, 2008 – why Default Judgment should not be entered against it due to its failure to file an Answer or otherwise respond to Plaintiff's Complaint and Amended Complaint. (Doc. #19).

In light of Defendant Pacific Creditors' failure to respond to Plaintiffs' pleadings and to the Court's Order to Show Cause, there is no controversy regarding the fact that it is in default. Consequently, on May 20, 2008, the Clerk filed an Entry of Default. (Doc. # 25).

An entry of Defendant Pacific Creditors' Default is presently warranted under Fed. R. Civ. P. 55(b). The only issues remaining to be determined are the amount of damages and the amount of Plaintiff's interest, costs and fees. A damages hearing before the undersigned should be held in the event that the District Court adopts this Report and Recommendation.

    **IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion for Default Judgment (Doc. # 26) be **GRANTED** as to Defendant Pacific Creditors Association**;** and,

2. In the event that the District Court adopts this Report and Recommendation, a hearing before the undersigned be scheduled to determine the amount of Plaintiff's damages.

June 20, 2008

                                      s/ Sharon L. Ovington
                                         Sharon L. Ovington
                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).