# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LEANORA M. ROYSTER, | : | |
| Plaintiff, | : | Case No. 3:08cv0009 |
| vs. | : | District Judge Walter H. Rice |
| | | Magistrate Judge Sharon L. Ovington |
| PACIFIC CREDITORS ASS'N, *et al.*, | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

This previously closed matter is before the Court following an Order to Show Cause issued on November 10, 2009 (Doc. #59), ordering Defendant Pacific Creditors Association ["Pacific"] to show cause why its attorneys' motion for leave to withdraw (Doc. #58) should not be granted, and why Defendant's motion relief from judgment (Doc. #45) should not be dismissed as a consequence thereof.

**FACTUAL/PROCEDURAL BACKGROUND**

On January 14, 2008, Plaintiff Leanora D. Royster, acting *pro se*, filed her

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

original complaint in this Court against Pacific and other Defendants. (Doc. #1). The Return of Service as to the summons directed to Defendant Pacific indicates that the document was served personally "on James Robinson[,] Agent of Service for Defendant," on January 18, 2008, at Defendant's stated business address. (*See* Doc. #4, p. 2; *see also* Doc. #45, Exh. A, Affidavit of Steve Reuveni, ¶9 (averring that Defendant's "only office is located at" the address stated on the Return of Service)). Plaintiff filed an amended complaint on January 31, 2003. (Doc. #6).

On May 23, 2008, with no appearance having been entered nor answer filed on Defendant Pacific's behalf, Plaintiff moved for default judgment against said Defendant. (Doc. #26). On July 15, 2008, District Judge Walter H. Rice granted default judgment against said Defendant, and directed that a hearing be conducted to determine the amount of that judgment. (Doc. #28). A minute entry on the Court's docket reflects that "nobody was present on behalf of Defendant" Pacific at the August 11, 2008 hearing. On October 23, 2008, default judgment in the amount of $61,500.50 was entered in favor of Plaintiff and against Defendant Pacific. (Doc. #40).[2]

On June 17, 2009, Defendant Pacific appeared through counsel to file a motion for relief from judgment, setting forth three reasons under Fed. R. Civ. P.

---

[2]That judgment was amended on October 28, 2008, "to correct the name of the Plaintiff." (Doc. #41).

60 that it asserts warrant setting aside the judgment entered against it in this matter. (*See* Doc. #45). Plaintiff filed three documents in opposition to Defendant Pacific's motion. (Doc. ##51, 55, 56). On September 14, 2009, the Court granted Defendant's motion for an extension of time to reply to Plaintiff's opposing memoranda. (Doc. #57).

On October 7, 2009, after the time for Defendant Pacific to reply had run, but with no reply having been filed, the attorneys and law firm representing Defendant filed a motion for leave to withdraw as counsel. (Doc. #58). Counsel represented that an invoice sent to Defendant on September 4, 2009 for services rendered in this matter remained unpaid, and that repeated correspondence and telephone calls to Defendant since that date had gone answered. (*Id.* at 2). Defendant's counsel further aver that "[i]t appears that Defendant may be out of business." (*Id.*). A copy of counsel's motion to withdraw was served on Defendant by mail sent to its business address (*see id*. at 2, 4), but Defendant did not file a response.

As a result, on November 10, 2009, this Court issued an Order to Show Cause, directing Defendant Pacific to respond within fifteen (15) days to demonstrate why counsel's motion should not be granted, and advising Defendant that "[f]ailure to respond as Ordered may result in the granting of

counsel's motion . . . AND the dismissal of Defendant's motion for relief from judgment." (Doc. #59 at 6) (docket numbers omitted). Although more than a month has passed since that Order was entered, Defendant Pacific has not responded.

**DISCUSSION**

The local rules of this Court provide the following procedure for withdrawal of trial counsel:

> (1) **Trial Attorney**. A trial attorney may be allowed to withdraw . . . only by filing a notice or motion that complies with this Rule. The Court may impose terms or conditions upon any withdrawal . . . Unless otherwise ordered, a trial attorney shall not be permitted to withdraw from an action at any time later than twenty (20) days in advance of trial or the setting of a hearing on any motion for judgment or dismissal . . . .
>
> * * *
>
> (ii) **Motion for Withdrawal and/or Substitution.** If the withdrawing . . . trial attorney cannot obtain the signatures required in order to accomplish withdrawal . . . by notice, such attorney may file a motion for withdrawal . . . The motion must be served upon the client and the certificate of service must so state. The motion must also assert that good cause, as defined by the Rules of Professional Conduct, exists to permit the withdrawal . . . .

S.D. Ohio Civ. R. 83.4(c).

On its face, counsel's motion appears to comply with the provisions of the foregoing local rule. (*See* Doc. #58). The Ohio Rules of Professional Conduct govern in this Court. *See* Model Federal Rules of Disciplinary Enforcement R. IV(B). Under Ohio Rules of Prof'l Conduct R. 1.16(b)(5), a lawyer may withdraw based on his client's failure to fulfill a financial obligation, after "reasonable warning" to the client of that consequence. *See also Brandon v. Blech*, 560 F.3d 536 (6th Cir. 2009) (attorney in civil action is entitled to withdraw for non-payment of fees, absent severe prejudice to client). In this instance, the body of the motion to withdraw and the attached certificate of service confirm that counsel satisfied both the local rule and Rule 1.16(b)(5)'s "reasonable warning" requirement by serving a copy of the motion to withdraw on Defendant via postal mail addressed to its place of business. (*See* Doc. #58 at 2, 4).

Well-settled law establishes that corporations, partnerships and associations such as Defendant Pacific cannot appear in federal court except through a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Both counsel (*see* Doc. #58 at 2, 4) and this Court notified Defendant that it may be left without representation in this matter if counsel's motion to withdraw is granted,

with the Court emphasizing to Defendant that absent record counsel, it may not proceed, unrepresented, on its pending motion for relief from judgment. (See Doc. #59 at 5).

Despite such notice, Defendant has failed to respond in any manner to its attorneys' motion to withdraw or to the Court's show cause order. Because counsel appear to have satisfied all applicable requirements to withdraw from continued representation of Defendant Pacific in this matter, *see* S.D. Ohio Civ. R. 83.4(c); Ohio Rules of Prof'l Conduct R. 1.16(b)(5); *Brandon*, 560 F.3d 536, their Motion for Leave to Withdraw as Counsel (Doc. #58) should be granted. In addition, as a consequence of that withdrawal without substitute counsel appearing on Defendant Pacific's behalf, Defendant's motion relief from judgment (Doc. #45) should be dismissed.

**IT THEREFORE IS RECOMMENDED that**:

> 1) Jeffrey C. Turner, Esq.'s, Boyd W. Gentry, Esq.'s and Christopher T. Herman, Esq.'s Motion for Leave to Withdraw as Counsel for Defendant Pacific Creditors Association (Doc. #58) be GRANTED;
>
> 2) Defendant Pacific's Motion for Relief from Judgment (Doc. #45) be DENIED; and

3) this reopened matter be TERMINATED on the docket of this Court.


December 21, 2009

             <u>s/ Sharon L. Ovington</u>
              Sharon L. Ovington
           United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).